W. Louis Arnold, Jr. ⎫
 vs. ⎬ No. 2794.
Miss J. G. Valleau, alias. ⎭

April 11, 1934.

FROST, J. Heard on defendant's motion for new trial after verdict for plaintiff in the sum of $776.25.

This is an action to recover a broker's commission on a sale of land with improvements thereon located in the City of Warwick.

Plaintiff claims to be entitled to two separate commissions on the same property but wishes to recover only one.

In September, 1932, Miss Valleau desired to sell the house in which she had been living for the sum of $15,000. Mr. Arnold, a real estate broker, went to her and said that he thought he could sell her house. She said that $15,000 would be satisfactory to her. In a few days Mr. Arnold brought one Edward Bancroft to see the house and the result shortly was that Mr. Bancroft was willing to buy the property. On September 26th he paid to Miss Valleau $1,000 and was given a paper signed by her which had been drawn up by Mr. Arnold. It reads as follows:

"E. Greenwich, R. I. -
Sept. 26, 1932."

"Received from Mr. Edward E. Bancroft, $1,000.00/100, Balance of $14,000.00/100 to be paid at time of securing first mortgage and passing of deed.

Jessie G. Valleau.

Witness:

W. Louis Arnold, Jr."

The Court and jury did not have the assistance that may possibly have been given had Mr. Bancroft testified but it did appear that Mr. Bancroft endeavored to find some one who would loan him money and accept security through a mortgage upon the property. In this effort Mr. Bancroft had not been successful up to April 1st, 1933, at which time his check was returned to him by Miss Valleau.

Counsel contends that Mr. Bancroft was accepted by Miss Valleau as a purchaser of her property. In the opinion of the Court the testimony does not show this. There is no language of the defendant which indicates that Mr. Bancroft was accepted as a purchaser. The testimony shows only that it was agreeable to Miss Valleau to sell to Mr. Bancroft if he could produce the money within reasonable time.

The paper signed by the defendant is not an agreement of purchase and sale. The defendant could not upon it compel specific performance. It is nothing more than an option not limited in terms as to time. It therefore is an option which had to be exercised within reasonable time. No agreement of sale was entered into and it does not appear that Mr. Bancroft was ready, willing and able to purchase at any time from September 26, 1932, to April 1, 1933.

There is testimony that Mr. Bancroft was in receipt of a salary of $10,000 per year but that is not conclusive as to his ability to purchase. It does perhaps indicate that he would be given credit to a considerable sum in more normal times but the testimony is clear that while he was willing he was at no time ready or able to purchase the property.

It would seem that at the time Mr Arnold did not assume that he had earned a commission. While not decisive of the question it is significant that Mr. Arnold continued to show the property to prospective purchasers and made no claim for a commission on this transaction until some months after Mr. Bancroft had paid $1,000 to Miss Valleau and had received the paper which counsel says justifies a commission.

The jury found specially that Mr. Bancroft was at any time between September 26, 1932, and April 1, 1933, ready, willing and able to purchase the property. This finding, in the opinion of the Court, is clearly against the evidence.

As to the second transaction on which Mr. Arnold says that he is entitled to a commission, it appears that Mrs. Frank S. Shy, who in April, 1933, purchased the property from Miss Valleau in October, 1932, heard from a neighbor that the Valleau property was for sale. She drove by, got out and looked around. The next week, the McLeods, who were neighbors of Mrs. Shy and interested in the house, asked Mrs. Shy to go over and see the house with them. Mr. Arnold was there showing the house to some prospect and at that time he showed it to Mrs. Shy and her neighbors. Mrs. Shy testified that at that time she and her husband were not interested in purchasing the property.

It appeared that later in the fall or in the winter there was a children's

party at Mr. Arnold's house and Mr. Shy had occasion to go over to get his daughter. Mr. Arnold says that at that time he mentioned the Valleau property to Mr. Shy. Mr. Shy testified that he had no recollection of such mention of the house. Mr. Arnold never showed the property to Mr. Shy nor again, after the occasion in October, to Mrs. Shy.

Mr. Shy testified further that Mrs. Shy and he did not contemplate buying the house until March 19, 1933. Mr. Tyler, a real estate agent, called him on the telephone and he inspected the house inside and out. This was on March 19th. The following day other members of the family looked at the house. Shortly, through Mr. Tyler, an agreement was entered into and conveyance of the property was made to Mrs. Shy. Mr. and Mrs. Shy appeared to the Court to be substantial, dependable people as well as highly intelligent. Mr. Arnold does not disagree with them on the facts except possibly as to the conversation on the occasion of the children's party. Mr. Shy did not deny this talk but said he had no recollection of it.

Mr. Tyler's testimony, together with that of Mr. and Mrs. Shy, would strongly indicate that it was through the efforts of Mr. Tyler that the sale to Mrs. Shy was consummated.

James E. Carey, a real estate agent, testified that he called Miss Valleau on the telephone and she said that Mr. Shy was Mr. Arnold's customer. Miss Valleau denied this, but assuming she said that, it was nothing more than her opinion and is of little moment in the face of the evidence already mentioned.

Upon a careful review of all the evidence, the Court is clearly of the opinion that the weight of the evidence is to the effect that Mr. Arnold is not entitled to a commission on either the Bancroft or the Shy transaction. The verdict is against the weight of the evidence and defendant's motion is therefore granted.

For plaintiff: Quinn, Kernan & Quinn, P. H. Quinn.

For defendant: Atwood, Remington; Thomas & Levy; Ernest P. B. Atwood.